THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RENÉ MILTON VÁZQUEZ IZQUIERDO, Defendant and Appellant.

No. CR-67-103.     Decided June 6, 1968.

*René Milton Vázquez Izquierdo,* pro se. *Jorge Arroyo Fernández* and *Richard Ramos Algarín* for appellant. *Rafael A. Rivera Cruz, Solicitor General,* and *Juan José Ríos Martínez, Assistant Solicitor General,* for The People.

PER CURIAM: Having been accused and convicted of grand larceny, appellant was sentenced to serve from two to seven years in the penitentiary.

On appeal, his counsel only assigns as error the denial of a motion for new trial. Appellant, in his own right, assigns that the trial court erred (1) in the weighing of the evidence; (2) and (3) in the noncompliance with Rules Nos. 22 and 154 of the Rules of Criminal Procedure; (4) in not admitting in evidence a *Craftsman* toolbox, property of appellant,

and finally he assigns (5) that he only had a pro forma defense.

The previous assignments lack merit on the grounds stated below.

The evidence for the prosecution revealed that appellant was employed as an assistant mechanic and driver of the corporation Concrete Lifting Service, Inc. He was discharged from that employment at the beginning of August 1965 by the President of said enterprise, Mrs. Gloria Rodríguez, appellant's third cousin. When he ceased in his work, appellant took a *Craftsman* toolbox belonging to him and which he bought in Sears with Mrs. Rodríguez' guarantee. On August 20, 1965 appellant went to the office of the aforementioned corporation, and he took from there a *Vulcan* toolbox, despite the fact that the person in charge of the office told him that the tools in said box belonged to the corporation, and, therefore, he could not take them. They were valued at some $120 to $124. The witness for the prosecution, Alberto Irizarry, testified that the red *Vulcan* toolbox which was in the office of the corporation in issue belonged to him; it contained tools belonging to him and others to the corporation. The toolbox and tools belonging to him were valued at some $300. He did not authorize anyone to take that box from the aforementioned office.

Emilio Fagot Rodríguez testified for the defense on the good reputation which appellant had in the community. He was acquainted with him because he was employed once in his taxi business. He denied having complained to the police that appellant stole from him $2,000 which he gave him to deposit in the bank. He denied having spoken of this with Mrs. Rodríguez.

On redirect Mrs. Rodríguez testified that Mr. Fagot had told her that he had possessed an automobile in appellant's name; that he had given the latter the aforementioned $2,000, which appellant appropriated.

152

Appellant sustains that the trial court acted correctly in denying the motion for a new trial under the provisions of Rule 188 of the Rules of Criminal Procedure, but that the evidence presented in support of said motion was admissible to grant a new trial under Rule 192 of the Rules of Criminal Procedure. Said evidence, according to Mr. Olmeda's sworn statement, was to the effect that the latter accompanied appellant to the office of the corporation to look for his tools and he helped him take away from there a gray *Craftsman* box, which he described.

The motion in question was filed before rendering judgment, so that it was proper to consider it under the aforementioned Rule 188, according to the provisions in Rule 189. Under Rule 188, in order for a motion for new trial based on the discovery of new evidence to prosper, it is necessary to establish that it was not possible to discover said evidence prior to the trial notwithstanding having exercised the most reasonable activity. *People* v. *Pardo Toro*, 90 P.R.R. 618 (1964). The motion is addressed to the discretion of the trial court. Its action will not be disturbed on appeal unless a clear and unmistakable abuse of such discretion is shown. *People* v. *Pardo Toro, supra; People* v. *Morales*, 66 P.R.R. 9 (1946).

It appears from the motion for a new trial filed by appellant before the trial court that "the primary reason *for which defendant did not act with adequate care* to provide himself with all this evidence he now has at his disposal, was due to the fact that he considered the information filed against him, for the crime of Grand Larceny, absurd and impossible, because he believed that because of the family ties between him and the complainant Gloria Rodríguez, and since he had been one of her employees, it was difficult for him to be fully aware of the obligation he had of obtaining the documentary and oral evidence which he now submits

to support this motion for new trial." (Italics ours.) This does not constitute at law a circumstance which could preclude defendant from presenting at the trial the aforementioned testimony of Olmeda, known to him since the occurrence of the events, on which this information is based. We cannot conclude that said evidence would have changed the verdict in this case to the extent that in denying the motion for a new trial the trial court committed an abuse of discretion. It has not been shown either that the court would have committed a clear and unmistakable abuse of discretion if it had denied said motion under Rule 192.

■ 1. In view of the fact that the evidence for the prosecution was not rebutted and the evidence for the defense consisted only in a character witness whose credibility was challenged, we cannot agree with appellant that the jury committed error in the weighing of the evidence. *People* v. *Iturrino de Jesús*, 90 P.R.R. 687 (1964); *People* v. *Aponte*, 83 P.R.R. 491, 500 (1961).

■ 2 and 3. Rule 154 of the Rules of Criminal Procedure requires evidence for corroboration in prosecutions of certain crimes among which larceny is not included. It was not necessary to corroborate the testimony of the witness Gloria Rodríguez, as appellant argues.

Appellant does not set forth any fact to sustain that the provision of Rule 22 of the Rules of Criminal Procedure was not complied with.

4. We have examined the transcript of the evidence and it does not appear therein that at any time a *Craftsman* toolbox was sought to be introduced as part of the evidence.

■ 5. Appellant's defense was not pro forma. The record reveals that his counsel acted with due zeal and care in the defense of his cause. He took an active and effective part during the whole trial; he raised fundamental questions of

law; he objected to evidence which he believed was inadmissible; his cross-examination of the witnesses for the prosecution was aimed at challenging their credibility or weakening the impact of the incriminating testimony.

In view of the foregoing, the judgment rendered in this case, by the Superior Court, San Juan Part, on February 13, 1967, will be affirmed.